**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA HUNTINGTON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 3:20-cv-00261**

**$23,265 IN U.S. CURRENCY,**

**Defendant.**

## VERIFIED COMPLAINT OF FORFEITURE

The United States of America, by and through its attorney, Kathleen Robeson, Assistant United States Attorney for the Southern District of West Virginia, respectfully brings this Verified Complaint (the "Complaint") and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and to the extent applicable 8 U.S.C. § 1324, 18 U.S.C. § 981, and 21 U.S.C. § 881, and the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action in rem brought on behalf of the United States of America, pursuant to 18 U.S.C. § 981 and 8 U.S.C. § 1324(b), to enforce the provisions for the forfeiture of defendant in rem, constituting proceeds of a violation of 8 U.S.C. § 1324(a), which constitutes a specified unlawful activity under 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1)(F).

2. In the alternative, this action is brought pursuant to 21 U.S.C. § 881(a)(6), to enforce the provisions for forfeiture of the defendant in rem, constituting proceeds of the sale of controlled substances.

3. Further, in the alternative, Saturnino Alejandro-Villar used the defendant in rem to promote his specified unlawful activities, namely his illegal distribution of controlled substances in violation of 21 U.S.C. § 841 and the illegal transportation and harboring of aliens in violation of 8 U.S.C. § 1324. Saturnino Alejandro-Villar also engaged in money laundering transactions when promoting his illegal activities in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and concealing the true nature or source of the proceeds, the defendant in rem, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

4. Pursuant to 18 U.S.C. § 981, any property, real or personal, which was involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956, and property traceable to such property is forfeitable to the United States.

## THE DEFENDANT IN REM

5. The defendant in rem, captioned above, totaling $23,265, is the sum of currency seized from Saturnino Alejandro-Villar on March 3, 2020 (hereinafter, the "Defendant Currency").

6. The Defendant Currency is presently in the custody of the Huntington Police Department.

## JURISDICTION AND VENUE

7. Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced

by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §1355(a).

8. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. 1355(b)(1)(A) since the acts and omissions giving rise to forfeiture occurred in this district.

9. Upon the filing of this verified complaint, Plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which Plaintiff will have executed upon the defendant property, pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district and, pursuant to 28 U.S.C. § 1395(b), because the property is located in this district.

**STATUTORY BACKGROUND**

11. Pursuant to 8 U.S.C. § 1324(b), any conveyance, including any vessel, vehicle or aircraft, that has been or is being used in the commission of a violation of this statute, the gross proceeds of such a violation, and any property traceable to such proceeds shall be seized and subject to forfeiture.

12. Pursuant to 18 U.S.C. § 981, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or any conspiracy to commit any such violation, is forfeitable to the United States.

13. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the definition of a specific unlawful activity includes violations of 8 U.S.C. § 1324.

14. Pursuant to 21 U.S.C. § 881(a)(6), all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code are forfeitable to the United States.

**BASIS FOR FORFEITURE**

15. The Defendant Currency is subject to forfeiture to the United pursuant to 8 U.S.C. § 1324(b) on the grounds that it is the proceeds of or derived from the proceeds of, or was intended to be used to facilitate a violation of 8 U.S.C. § 1324.

16. The Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801 et seq., or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more controlled substance violations.

17. The Defendant Currency is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 on the grounds that it is property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1).

## FACTS

18. On March 3, 2020, a Huntington Police officer was dispatched to a vehicle crash on I-64, involving a truck with a Florida registration.

19. The truck was driven by a Hispanic male, Saturnino Alejandro-Villar, who did not have a license or proof of insurance for the vehicle. Alberto Hernandez-Hernandez was the passenger in the vehicle.

20. Alberto Hernandez-Hernandez showed law enforcement identification cards from Mexico and a farm identification card (for a farm within the United States), where he alleged he was previously employed.

21. A black backpack was discovered inside the vehicle. The backpack contained the Defendant Currency. The Defendant currency was divided between two bank envelopes, and third section that was divided into three stacks and separated with rubber bands. The Defendant Currency was mostly composed of large bills.

22. A canine subsequently alerted to a positive indication for narcotics within the truck. Officers searched the vehicle but did not find any drugs.

23. Officers later determined that both Hernandez-Hernandez and Alejandro-Villar, did not have status to be in the United States at this time.

24. Alejandro-Villar was issued citations for No Operator's License and No Proof of Insurance.

25. Alejandro-Villar has a previous conviction for alien smuggling, in violation of 18 U.S.C. § 1324 and had been deported numerous times before.

**THE DEFENDANT CURRENCY**

26. The Defendant Currency was discovered in the same truck that a canine gave a positive indication for narcotics.

27. The Defendant Currency was mostly composed of large bills, inconsistent with Hernandez-Hernandez's account of farm labor earnings.

28. Alejandro-Villar has a previous conviction for alien smuggling, and no known source of legal employment.

29. The Defendant Currency was discovered with Alejandro-Villar as he was transporting another individual without status within the United States, Hernandez-Hernandez.

30. The currency was also concealed and packaged in multiple layers in a black backpack. The currency was divided into multiple piles, encased in bank envelops, and held together by rubber bands.

31. Thus, the Defendant Currency is subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 981, and 21 U.S.C. § 881(a)(6), as proceeds of or money that is intended to be used to facilitate further violations of illegal alien transportation and/or drug trafficking.

32. The Defendant Currency is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 as property that is involved in money laundering.

**CLAIMS FOR FORFEITURE**

33. The allegations contained in paragraphs 1 through 32 of this Complaint are incorporated herein and made a part hereof.

34. As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States of America pursuant to 8 U.S.C. § 1324(b), as property that represent the proceeds of, or is derived from the proceeds of a violation of 8 U.S.C. § 1324, or is intended to be used to facilitate a violation of 8 U.S.C. § 1324.

35. As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981 as property that represent the proceeds of, or is derived from the proceeds of a violation of 8 U.S.C. § 1324, which is a specified unlawful activity.

36. The defendant in rem is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code; proceeds traceable to such an exchange; or moneys used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

37. The defendant in rem is also subject to forfeiture pursuant to 18 U.S.C. § 981 as property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956.

38. As a result of the foregoing, the defendant properties and all property traceable thereto are subject to condemnation and to forfeiture to the United States, in accordance with 8 U.S.C. § 1324(b), 18 U.S.C. § 981 and 21 U.S.C. § 881.

**CONCLUSION**

39. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture has become and is forfeitable to the United States.

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the defendants in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the defendant in rem; that the defendant in rem be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA
By Counsel

MICHAEL B. STUART
United States Attorney

By: s/Kathleen Robeson
Kathleen Robeson, VA Bar Number: 89526
Attorney for the United States
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Email: Kathleen.robeson@usdoj.gov

**VERIFICATION**

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, TO-WIT:

I, Brian Morris, Special Agent with the Department of Homeland Security, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on April 14, 2020.

Brian Morris
BRIAN MORRIS

Taken, subscribed and sworn to before me this 14th day of April, 2020.




Robin Y. Justice
Notary Public

My commission expires on april 24, 2023.

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

3:20-cv-00261

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

U.S. Attorney's Office, Kathleen Robeson, AUSA
300 Virginia Street East, Suite 4000
Charleston, WV 25301 304-340-3522

## DEFENDANTS

The Sum of $23,265 IN U.S. CURRENCY

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ❒ 3 Federal Question *(U.S. Government Not a Party)*
- ❒ 2 U.S. Government Defendant
- ❒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ❒ 110 Insurance
- ❒ 120 Marine
- ❒ 130 Miller Act
- ❒ 140 Negotiable Instrument
- ❒ 150 Recovery of Overpayment & Enforcement of Judgment
- ❒ 151 Medicare Act
- ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❒ 153 Recovery of Overpayment of Veteran's Benefits
- ❒ 160 Stockholders' Suits
- ❒ 190 Other Contract
- ❒ 195 Contract Product Liability
- ❒ 196 Franchise

**REAL PROPERTY**
- ❒ 210 Land Condemnation
- ❒ 220 Foreclosure
- ❒ 230 Rent Lease & Ejectment
- ❒ 240 Torts to Land
- ❒ 245 Tort Product Liability
- ❒ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ❒ 310 Airplane
- ❒ 315 Airplane Product Liability
- ❒ 320 Assault, Libel & Slander
- ❒ 330 Federal Employers' Liability
- ❒ 340 Marine
- ❒ 345 Marine Product Liability
- ❒ 350 Motor Vehicle
- ❒ 355 Motor Vehicle Product Liability
- ❒ 360 Other Personal Injury
- ❒ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ❒ 365 Personal Injury - Product Liability
- ❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❒ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❒ 370 Other Fraud
- ❒ 371 Truth in Lending
- ❒ 380 Other Personal Property Damage
- ❒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ❒ 440 Other Civil Rights
- ❒ 441 Voting
- ❒ 442 Employment
- ❒ 443 Housing/ Accommodations
- ❒ 445 Amer. w/Disabilities - Employment
- ❒ 446 Amer. w/Disabilities - Other
- ❒ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ❒ 463 Alien Detainee
- ❒ 510 Motions to Vacate Sentence
- ❒ 530 General
- ❒ 535 Death Penalty

**Other:**
- ❒ 540 Mandamus & Other
- ❒ 550 Civil Rights
- ❒ 555 Prison Condition
- ❒ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ❒ 625 Drug Related Seizure of Property 21 USC 881
- ☒ 690 Other

**LABOR**
- ❒ 710 Fair Labor Standards Act
- ❒ 720 Labor/Management Relations
- ❒ 740 Railway Labor Act
- ❒ 751 Family and Medical Leave Act
- ❒ 790 Other Labor Litigation
- ❒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ❒ 462 Naturalization Application
- ❒ 465 Other Immigration Actions

**BANKRUPTCY**
- ❒ 422 Appeal 28 USC 158
- ❒ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ❒ 820 Copyrights
- ❒ 830 Patent
- ❒ 835 Patent - Abbreviated New Drug Application
- ❒ 840 Trademark

**SOCIAL SECURITY**
- ❒ 861 HIA (1395ff)
- ❒ 862 Black Lung (923)
- ❒ 863 DIWC/DIWW (405(g))
- ❒ 864 SSID Title XVI
- ❒ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ❒ 870 Taxes (U.S. Plaintiff or Defendant)
- ❒ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ❒ 375 False Claims Act
- ❒ 376 Qui Tam (31 USC 3729(a))
- ❒ 400 State Reapportionment
- ❒ 410 Antitrust
- ❒ 430 Banks and Banking
- ❒ 450 Commerce
- ❒ 460 Deportation
- ❒ 470 Racketeer Influenced and Corrupt Organizations
- ❒ 480 Consumer Credit (15 USC 1681 or 1692)
- ❒ 485 Telephone Consumer Protection Act
- ❒ 490 Cable/Sat TV
- ❒ 850 Securities/Commodities/ Exchange
- ❒ 890 Other Statutory Actions
- ❒ 891 Agricultural Acts
- ❒ 893 Environmental Matters
- ❒ 895 Freedom of Information Act
- ❒ 896 Arbitration
- ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❒ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from Another District *(specify)*
- ❒ 6 Multidistrict Litigation - Transfer
- ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
18 U.S.C. 981

Brief description of cause:
Civil forfeiture related to illegal transportation and harboring aliens, money laundering, drug distribution

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
04/14/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/Kathleen Robeson, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE